UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| SCOTT RODRIGUEZ, ET AL | : | |
| | : | |
| | : | |
| v. | : | CIV. NO. 3:07CV1816 (JCH) |
| | : | |
| BEAR STERNS COMPANIES, INC., | : | |
| ET AL | : | |
| | : | |

RULING ON PLAINTIFFS' RENEWED MOTION TO COMPEL **[DOC. #110]** AND
PLAINTIFFS' MOTION TO COMPEL 30(b)(6)DEPOSITIONS **[DOC.# 122]**

These pending motions to compel involve three 30(b)(6)

deposition notices.  Oral argument was held on June 4, 2009.

Prior to argument plaintiffs withdrew several requests.[1]  For the

reasons that follow, the motions are granted in part and denied

in part in accordance with this ruling and order.


30(b)(6) Deposition Notice dated August 21, 2008

Pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs ask

defendants Bear Stearns/EMC to produce a witness to testify to

the following:

> 2.  The F.A.S.T. Default Risk Model created
> by Bear Sterns/EMC and any other algorithms
> or models used by Defendants to predict

---

[1]Plaintiffs withdrew request Nos. 1 and 3 from the
deposition notice dated August 21, 2008; request Nos. 2, 4, 6, 8
and 11 from the deposition notice dated September 10, 2008; and
request Nos. 4 and 7 from the deposition notice dated January 16,
2009.

1

> default rates within a portfolio or to
> evaluate or set the price Defendants are
> willing to pay for a particular portfolio.

Defendants first argue that Judge Hall limited discovery to the claims alleged in the Second Amended Complaint pertaining to the servicing of loans. [Doc. #93, Tr. Jul. 9, 2008 at 13:16-20]. Moreover, defendants argue that this request is only relevant to the discrimination count, which was dismissed by Judge Hall in April 2009 after the notice was served. [Doc. #125]. In ruling on the Motion to Dismiss, Judge Hall wrote that, "[i]n order to make out a prima facie case under the FHA on a theory of disparate impact, 'a plaintiff must demonstrate that an outwardly neutral practice actually or predictably has a discriminatory effect; that is, has a significantly adverse or disproportionate impact on minorities, or perpetuates segregation.'" [Doc. #125 at 13]. Plaintiffs allege, among other things, that "Bear Stearns and EMC engaged in racial targeting and predatory servicing practices that exploited non-prime and 'scratch and dent' borrowers and which resulted in a disparate impact on and the disparate treatment of Hispanic and African American borrowers." 2d Amend. Compl. ¶22. However, Judge Hall specifically found that "plaintiffs' claims regarding defendants' computerized algorithms are insufficient for the same reason that their allegation regarding defendants' awareness of the over

2

representation of minorities in the non-prime lending market is insufficient. That is, plaintiffs do not allege that defendants intentionally developed algorithms to target mortgages held by minorities because of the borrowers' race, but rather that they targeted loans having certain financial attributes-such as significant prepayment penalties-'more frequently associated' with loans granted to minorities." [Doc. #125 at 17-18].

On this record, plaintiffs' topic/subject No. 2 is **DENIED**.

In topic/subject No. 4, plaintiffs seek testimony on

> 4. The ways in which Defendants use the results of the F.A.S.T. Default Risk Model or any models derived from it, including but not limited to the use of such models to score or identify mortgages in its computer systems, to determine mortgage serving levels or to intensify collection efforts for any particular loan or loan portfolio.

Judge Hall noted in her ruling on the Motion to Dismiss that the plaintiffs allege, among other things, that "EMC's predatory servicing practices damaged minority borrowers by subjecting them to harassing phone calls and collections letters with greater frequency than similarly situated Caucasin borrowers and by exploiting them through a complex and byzantine servicing system." [2d Amend. Compl. ¶23; Doc. #125 at 14]. Accordingly, plaintiffs topic/subject No. 4 is **GRANTED** to the extent that plaintiffs may inquire into the ways in which results of the F.A.S.T. Default Risk Model determine mortgage servicing

practices.

30(b)(6) Deposition Notice dated September 10, 2008

Defendants object to topic/subject Nos. 1, 3, 5, 7, 9, 10 and 12, arguing that the 30(b)(6) witness with the most knowledge on these topics is Dana Dillard, who was produced for deposition on August 1, 2008. They contend that counsel for the parties agreed off the record that the August 2006 deposition transcript of Ms. Dillard taken in the Eversole v. EMC Mortgage Corporation case on the subject of EMC's loan servicing policies and procedures may be used in this case. The transcripts of Ms. Dillard's August 1, 2008,[2] and August 6, 2006, depositions were submitted to the Court and reviewed in camera. After careful review, the Court finds that plaintiffs addressed many of these subject areas in the 2006 and 2008 depositions. However, the Court is mindful that some of defendants' document production was completed after the August 2008 deposition and plaintiffs may have additional questions.

Accordingly, plaintiffs are granted leave to depose Ms. Dillard on topic/subject Nos. 1, 3, 5, 7, 9, 10 & 12 for four (4) additional hours. Plaintiffs are advised to use the time efficiently, and only ask about documents produced after the

_____

[2]Ms. Dillard was deposed in this case from 9:06 AM to 12:40 PM in this case on August 1, 2008

August 2008 deposition and/or subject areas not already covered. Moreover, topic/subject areas previously found by Judge Hall to be outside the scope of the litigation (see e.g. Tr. at ¶. 11-16), and claims/allegations dismissed and/or stricken by the Court in her April 2009 ruling on the Motion to Dismiss the Second Amended Complaint, are outside the scope of this inquiry.[3]

---

[3]On July 9, 2008, Judge Hall ruled in part,

> I will say generally that at this point in the litigation, I don't see any reason to permit discovery beyond what I will very generally, I am using the word generally, I mean it to be interpreted broadly, but nonetheless, that the discovery should be limited to what's in the complaint.  What's in the complaint as I read it is the servicing of these loans and while there may be some reference in the complaint to the fact that these were part of loans that were packaged together and then the interest in which were securitized, I don't see that to be the claims in the case or the defense, of course, but certainly not the claims in the case. . . .
> That would be limited only to servicing documents that refer or relate that pertain to servicing of the loan. . . .
> Again generally my ruling would be that the defendant should produce as requested the documents to the extent the request relating to servicing but not as to other topics that have been introduced in the request such as forced insurance, forbearance, securitization, marketing of the loans, things of that sort.

[Doc. #93, Tr. at pages 12-14].

On April 14, 2009, Judge Hall dismissed plaintiffs' claim of intentional discrimination based on race.

Accordingly, plaintiffs' motion is **GRANTED** for an additional four (4) hours consistent with this ruling.

30(b)(6) Deposition Notice dated January 16, 2009

Pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs ask defendants Bear Stearns/EMC to produce a witness to testify to topic/subject area Nos. 1, 2, 3, 5, and 6. As set forth above, topic/subject area Nos. 1(a), (b), (c), (d) and 2 are **DENIED** as to "purchasing" loans, as outside the scope of discovery.

Defendants argue that all the topic/subject areas set forth in the January 16, 2009 30(b)(6) notice should be denied, as plaintiffs are not entitled to broad discovery outside the allegations relating to the three named plaintiffs. The Court agrees. Judge Hall has limited discovery to the allegations contained in the complaint, stating,

> Again generally my ruling would be that the defendant should produce as requested the documents to the extent the request relating to servicing but not as to other topics that have been introduced in the request such as forced insurance, forbearance, securitization, marketing of the loans, things of that sort.

[Tr. at 14]. Accordingly, questions regarding servicing practices are allowed. Questions relating to forced insurance, forbearance, securitization, purchasing and/or areas outside the claims and allegations contained in the Second Amended Complaint

are **DENIED.**

Finally, topic/subject Nos. 5 and 6 are denied without prejudice to renewal after a ruling on defendants' Motion for Summary Judgment.  The Court will consider allowing a limited 30(b)(6) deposition on these topics at that time.


CONCLUSION

Plaintiffs' Renewed Motion to Compel Depositions **[doc. #110]** and plaintiffs' Motion to Compel 30(b)(6) Depositions **[doc. #122]** are **GRANTED in part and DENIED in part** consistent with this ruling and order.

Compliance with this ruling and order will be made within thirty days.  In scheduling the deposition(s), the parties may contact the Court for dates when the Court may be available to rule on objections, if any, during the deposition(s).

Any application for extensions of time must be made in advance of the deadline and will only be granted on a showing of good cause.

The parties are reminded that the Court is available to resolve issues as they arise.

Plaintiffs' Motion for Class Certification is due in thirty days.

Dispositive motions will be filed on or before July 10, 2009.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 24th day of June 2009.

_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE